918 F.2d 959
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David J. HELDSTAB, Plaintiff-Appellant,
v.
CITY OF MILWAUKEE, et al., Defendants-Appellees.
 No. 90-1129.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 8, 1990.*
Decided Nov. 20, 1990.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 I.
 
 1
 David J. Heldstab and the city have been engaged in an ongoing legal battle concerning the validity and enforcement of the Milwaukee building code and inspection ordinances. In this particular suit brought pursuant to 42 U.S.C. Sec. 1983, Heldstab alleges that the city has illegally attempted to enforce certain code provisions in retaliation for several other suits that he filed against the city.
 
 
 2
 Three days after Heldstab filed this action, he was served by the city with a municipal court summons and complaint for noncompliance with the building code. Heldstab then filed a Motion for a Temporary Restraining Order/Preliminary Injunction with the district court. Heldstab asked the court to enjoin the municipal proceeding alleging that the suit was brought in retaliation for filing this civil rights action. The district court denied the motion, and Heldstab brings this timely interlocutory appeal.
 
 II.
 
 3
 Generally, federal courts are prohibited from granting injunctions to stay state court proceedings under the Anti-Injunction Act, 28 U.S.C. Sec. 2283. However, the United States Supreme Court has recognized that the Anti-Injunction Act does not apply to Sec. 1983 plaintiffs. Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151 (1982). Even so, Sec. 1983 plaintiffs are still governed by the principles of "equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." Mitchum, 407 U.S. at 243, 92 S.Ct. at 2162. The Supreme Court explained in Mitchum that a federal court may only enjoin a state court in exceptional circumstances: 1) where there will be great and immediate irreparable injury; 2) "where the state law is 'flagrantly and patently violative of express constitutional prohibitions' "; or 3) where state officials engaged in proven harassment or bad faith prosecution. Mitchum, 407 U.S. at 230, 92 S.Ct. at 2156 (citing Younger v. Harris, 401 U.S. 37, 46-54, 91 S.Ct. 746, 751-55 (1971)). See also New Orleans Public Serv. v. Council of New Orleans, --- U.S. ----, 109 S.Ct. 2506 (1989). The abstention principles discussed in Younger and Mitchum also apply to noncriminal judicial proceedings in which the state proceeding involves important state interests and allows for adequate opportunity to raise constitutional challenges. Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 102 S.Ct. 2515 (1982).[1]
 
 
 4
 The district court found that the City of Milwaukee did not initiate the municipal action in retaliation for Heldstab's filing of this civil rights suit. The district judge's finding that the summons had been signed in good faith before Heldstab initiated this suit is supported by the record. Although Heldstab is challenging the constitutionality of the municipal ordinances in another proceeding, he has failed to show that the ordinances are patently unconstitutional on their face. Nor does he argue that he is foreclosed from raising the issue of constitutionality in the state court. Heldstab does not maintain that he will suffer irreparable harm if the state action is allowed to proceed. Finally, Heldstab does not argue in his motion for preliminary injunction that the municipality has an insufficient interest in enforcing its building codes. The district court properly denied Heldstab's motion for preliminary injunction.
 
 
 5
 The district court's denial of the preliminary injunction is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Heldstab requested the district court to enjoin a pending state [municipal] proceeding. The analysis for reviewing a request of this type is different from the way we review the grant or denial of a motion for a preliminary injunction that does not involve an ongoing state proceeding. See e.g. National People's Action v. Village of Wilmette, No. 89-3446, slip op. (7th Cir. Oct. 3, 1990). As such, we do not review the merits of either the state or federal court proceedings. Middlesex County Ethics Committee, 457 U.S. at 437, 102 S.Ct. at 2524